Ernest Ellison Auditor General Tallahassee
QUESTIONS:
1. When a sheriff is requested to make proper service as to a party defendant who is an incompetent and is a patient in a state mental institution, and the sheriff acts in accordance with the provisions of s. 48.041(1), F. S., by reading the process to the incompetent to be served and to the person in whose care or custody the incompetent is and by delivery of a copy thereof to such person in whose care or custody the incompetent is, should the sheriff receive as his fee or fees under s. 30.231(1)(a), F. S., the amount of $7.50, as for one service of process, or $15, as for two separate services of process?
2. When, in addition to the circumstances outlined in question 1 above, a guardian ad litem or other person is appointed by the court to represent the incompetent, and the sheriff acts in accordance with the provisions of s. 48.041(1) by further serving said process on said guardian or other person, should the sheriff receive a fee of $7.50 under s. 30.231(1)(a) apart from and in addition to such other fee or fees received under question 1 above?
3. When the superintendent of a state mental institution has adopted the following rule: `When a legal pleading is served upon a patient in a hospital facility, a copy of the legal papers is to be given to the hospital administrator as custodian,' what fee or fees should the sheriff receive, and from whom, as to a patient who is incompetent, and as to a patient who is competent?
SUMMARY:
A sheriff making service of original process (except subpoenas and executions) on one defendant or respondent (who is a patient in a state mental institution) at one time in one cause of action is entitled to but one, fixed fee for the docketing and service of such process regardless of the number of additional papers or copies of such process served and delivered with the original process and the service thereof.
All three questions can substantially be answered in the same discussion.
Section 30.231(1)(a), F. S., provides:
 (1) The sheriffs of all counties of the state in civil cases shall charge fixed, nonrefundable fees for docketing and service of process, according to the following schedule:
 (a) All summons or writs except subpoenas and executions: $7.50 for each person or respondent to be served. (Emphasis supplied.)
The legislative intent of this section can be deciphered by way of analyzing the statutory language used. The section provides that the sheriffs shall charge `fixed' fees.
Section 48.031, F. S., provides:
 Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his usual place of abode with some person of the family who is 15 years of age or older and informing the person of their contents. Minors who are or have been married shall be served as provided in this section.
Section 48.041(1) and (2) F. S., provides:
 (1) By reading the process to the minor or incompetent to be served and to the person in whose care or custody the minor or incompetent is and by delivery of a copy thereof to such person in whose care or custody the minor or incompetent is and by further serving said process on the guardian ad litem or other person, if one is appointed by the court to represent the minor or incompetent. Service on the guardian ad litem is unnecessary when the guardian ad litem appears voluntarily or when the court orders him to appear without service of process on him.
 (2) When there is a legal guardian appointed for the minor or incompetent, by serving the guardian as provided in s. 48.031.
Rule 1.070(f), F.R.C.P., provides in pertinent part:
 The party seeking to effect personal service shall furnish the person making service with the necessary copies.
In AGO 063-96, one of my predecessors felt that s. 30.231, F. S. 1971, amended to its present form by Ch. 72-92, Laws of Florida, was intended
 to establish a flat average fee in connection with the service of process, etc., as distinguished from the former procedure of determining the total fee for service of process by addition of the several fees afforded for various activities of a sheriff . . . in connection with service of process. . . .
Further, this section provides that a fee of $7.50 shall be charged `for each person or respondent to be served.' There is no distinction drawn on the basis of the number of documents served, whether the documents are attached or separate, or whether a single return or a return for each separate document is made by the sheriff. See AGO 074-140.
Attorney General Opinion 066-19 appears to be directly in line with your questions. There, my predecessor, in interpreting the original version of s. 30.231(1), F. S. 1971, stated:
 A sheriff making a service on one defendant at one time in one cause of action is entitled to but one fee . . . regardless of the number of additional papers served with the initial service of process, and regardless of the legal definition which might be attached to any of the additional papers.
The 1972 amendment of s. 30.231(1) by Ch. 72-92, supra, for the purposes of this opinion, made no substantial changes in the law except to explicate that the prescribed fee was to be charged `for each person or respondent to be served.' See AGO 074-140.
Based upon the foregoing analysis, it would make no difference whether the patient or respondent upon whom service of original process (except subpoenas and executions) is to be served by the sheriff is competent or incompetent. Sections 48.031 and 48.041, F. S., cover service of original process upon, respectively, competents and legal guardians of incompetents and incompetents. When read in conjunction with AGO's 063-96, 066-19, and 074-140, the bottom line as to legislative intent appears to be that the sheriff is entitled to only one, fixed fee (as prescribed by s.30.231(1)(a), F. S.) so long as the service of original process (except for subpoenas and exceptions) is made in one cause of action and the patient (in a state mental institution) is the defendant or respondent therein. The fact that additional papers or copies of the process are served on and delivered to persons in whose care or custody the patient is or guardians ad litem as required by s. 48.041 would not change the analysis so long as those additional papers or copies of the process are part of the original process and the service thereof.
Prepared by: Harold F. X. Purnell, Assistant Attorney General
Maxie Broome, Jr. Legal Intern